**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 8 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GARY WALTER DASH,

    Defendant-Appellant.

No. 97-1273
(D.C. No. 97-B-799)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Dash, appearing pro se, appeals from the district court's order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. He

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

raises two related issues on appeal. First, Mr. Dash contends 21 U.S.C. § 841(a)(1) is unconstitutional to the extent it criminalizes the manufacture of controlled substances with no intent to distribute such substances in commerce (simple manufacture). Second, he claims his counsel was ineffective for failing to raise the constitutionality issue. We conclude 21 U.S.C. § 841(a)(1) does not violate the Commerce Clause and therefore affirm Mr. Dash's sentence.

Mr. Dash was indicted and charged with one count of manufacture of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Because he previously had been convicted of four felonies involving controlled substances, Mr. Dash pleaded guilty to the manufacturing charge in exchange for the government's agreement not to pursue a sentence of life in prison without release. The court sentenced Mr. Dash to 360 months imprisonment and ten years supervised release.

Mr. Dash now contends his counsel should have moved to dismiss the indictment against him on the ground § 841(a) is unconstitutional because it exceeds Congress' power under the Commerce Clause of the United States Constitution to regulate the manufacture of drugs with no intent to distribute. More specifically, he argues Congress' findings pertaining to its Commerce Clause authority to regulate controlled substances reflect a "fundamental intent to

prohibit those activities that facilitate, promote, maintain, foster, advance or otherwise contribute to the black market commerce in illegal drugs." The "simple manufacture" of controlled substances, according to Mr. Dash, actually deters illegal commerce in drugs and therefore does not belong in the class of activities penalized under the Controlled Substances Act. We disagree.

Mr. Dash himself acknowledges we "must defer to a congressional finding that a regulated activity affects interstate commerce if there is any rational basis for such a finding." As we have recognized on numerous occasions, Congress made explicit findings explaining the "substantial and direct effect upon interstate commerce" of conduct regulated by the Controlled Substances Act. *See, e.g., United States v. Wacker*, 72 F.3d 1453, 1475 (10th Cir. 1995, *as modified* Mar. 11, 1996), *cert. denied*, 117 S. Ct. 136 (1996) (quoting 21 U.S.C. § 801(3)-(6)). Included in those findings is the statement that "[i]ncidents of the [drug] traffic which are not an integral part of the interstate or foreign flow, such as *manufacture*, local distribution, and possession, nonetheless have a substantial and direct effect upon interstate commerce." 21 U.S.C. § 801(3) (emphasis added). Contrary to Mr. Dash's interpretation, we read this language to include the simple manufacture of a controlled substance as an activity with a substantial effect on interstate commerce. Moreover, we agree with the Fourth Circuit there

is a rational basis for Congress' finding. *See United States v. Leshuk*, 65 F.3d 1105, 1111-12 (4th Cir. 1995). We therefore reject Mr. Dash's challenge to the constitutionality of the Controlled Substances Act.

Because we have determined 21 U.S.C. § 841(a) does not exceed congressional power under the Commerce Clause, defense counsel cannot be held to have been ineffective for failing to raise the issue before the district court. The judgment of the district court is **AFFIRMED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge